**Affirmed and Opinion Filed June 28, 2021**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00016-CV**

**IN RE: CHRISTOPHER WAYNE GREEN**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CV-1970004-H**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Carlyle

Christopher Green appeals the trial court's judgment declaring him a "sexually violent predator" (SVP) subject to civil commitment. *See* TEX. HEALTH & SAFETY CODE §§ 841.003, .081. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Mr. Green has two convictions for sexually violent offenses against teenage girls—aggravated sexual assault in 1996 and sexual assault of a child in 2015. *See* TEX. HEALTH & SAFETY CODE § 841.002(8); TEX. PENAL CODE §§ 22.011, .021. Before Mr. Green finished serving his sentence for the 2015 conviction, the State filed a petition alleging he is an SVP subject to civil commitment upon release from prison. *See* TEX. HEALTH & SAFETY CODE §§ 841.003, .041, .081.

In a suit to commit a person as an SVP, the State must prove beyond a reasonable doubt that the person: (1) "is a repeat sexually violent offender"; and (2) "suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* §§ 841.003(a), .062(a). At trial, the State established the first element by introducing evidence of Mr. Green's convictions and sentences. *See id.* § 841.003(b).[1] To satisfy the second element, the State relied on expert testimony from Dr. Jason Dunham, who opined that Mr. Green suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

Mr. Green testified at the trial and denied many of the allegations underlying his previous sexual-assault convictions. He also denied allegations of other violent crimes, for which he was arrested but never convicted. Although he admitted he is sexually attracted to young, teenage girls, he denied using violence against his victims, and he testified he does not believe he is an SVP.

The jury concluded otherwise, and the trial court entered judgment both declaring that Mr. Green is an SVP and ordering his civil commitment upon release from prison.

---

[1] The trial court granted the State's motion for a partial directed verdict on the first element and instructed the jury that Mr. Green is a "repeat sexually violent offender." Mr. Green does not challenge that ruling on appeal.

THE TRIAL COURT DID NOT REVERSIBLY ERR BY ALLOWING DR. DUNHAM TO REVEAL A NON-TESTIFYING EXPERT'S CONCLUSIONS

Mr. Green first challenges the trial court's decision to allow Dr. Dunham to testify about a report authored by a non-testifying expert. We review a trial court's evidentiary rulings for abuse of discretion and will reverse only if an erroneous ruling probably caused an improper judgment. *In re Commitment of Mendoza*, No. 05-18-01202-CV, 2019 WL 5205710, at \*9 (Tex. App.—Dallas Oct. 16, 2019, pet. denied) (mem. op.) (citing TEX. R. APP. P. 44.1).

The State asked Dr. Dunham what records he reviewed and relied upon in forming his opinion. Among other items, Dr. Dunham identified a report written by another doctor who evaluated Mr. Green. Before Dr. Dunham revealed that the other doctor also concluded Mr. Green suffers from a behavioral abnormality, Mr. Green objected that testimony concerning the report was hearsay. The trial court overruled that objection, and Mr. Green asked for a limiting instruction, which the trial court provided both at the time of Dr. Dunham's testimony and in its charge. The court explained that it admitted hearsay from the report through Dr. Dunham's expert testimony "only for the purpose of showing the basis of the expert's opinion" and instructed that the hearsay could not "be considered as evidence to prove the truth of the matter asserted."

Mr. Green argues on appeal that Dr. Dunham's testimony violated his right to due process because it deprived him of an opportunity to cross-examine the non-

testifying doctor and determine the basis for that doctor's opinion. He further argues that the non-testifying doctor's opinion was "prepared in advance of litigation" and "lacks any independent guarantee of trustworthiness." But he did not raise those objections in the trial court and has not preserved them for our review. *See* TEX. R. APP. P. 33.1(a); *In re Commitment of Millar*, No. 05-18-00706-CV, 2019 WL 3162463, at *2 (Tex. App.—Dallas July 16, 2019, no pet.) (mem. op.).

Regardless, nothing in the record suggests the jury ignored the trial court's limiting instruction. Thus, even if the trial court abused its discretion by allowing Dr. Dunham to reveal the non-testifying expert's opinion, any error was harmless. *See Mendoza*, 2019 WL 5205710, at *9.

### THE TRIAL COURT DID NOT REVERSIBLY ERR BY ALLOWING MR. GREEN TO TESTIFY THAT HE DOES NOT BELIEVE HE IS AN SVP

During his testimony, the State asked Mr. Green whether he believed he was an SVP. Mr. Green's counsel objected that the question called for speculation, that Mr. Green was not an expert, that "[i]t's a legal definition that requires an expert opinion," and that the question was misleading. The trial court overruled those objections, and Mr. Green testified that he did not believe he was an SVP.

Mr. Green contends the trial court abused its discretion by allowing his opinion testimony, because he was not qualified to offer an opinion as either an expert or a lay person. Assuming without deciding both that Mr. Green preserved an

objection to his ability to offer a lay opinion and that the trial court abused its discretion by allowing him to provide one, we conclude any error was harmless.

Mr. Green's opinion was the only one offered to contradict the State's expert. Thus, the testimony arguably benefitted Mr. Green. In any event, there is no basis in the record to conclude that allowing the opinion probably caused an incorrect judgment. *See Mendoza*, 2019 WL 5205710, at \*9.

### THE TRIAL COURT DID NOT REVERSIBLY ERR BY INFORMING THE VENIRE MEMBERS THAT MR. GREEN COULD CALL AN EXPERT WITNESS FUNDED BY THE STATE

During voir dire, the State asked potential jurors questions exploring their attitudes about expert witnesses. When the State asked whether "[a]nybody takes issue with an expert being paid," one venireperson said, "I just ask who is paying them." The State asked whether that would affect the expert's credibility, and the venireperson responded: "I think more like it could create a bias, like do both teams agree that he's been paid[?]" The State responded that, "[i]n these cases everyone has the ability to call an expert," and the trial court interjected: "You've been told that the State of Texas is providing the Petitioner lawyers and the Respondent lawyers. So obviously whether it's the Petitioner or the Respondent the State of Texas will be paying [the expert]."

Mr. Green contends that, by telling the jury either party could call an expert funded by the State, it created an expectation in the jury's mind that Mr. Green would call an expert, thus shifting the burden to him to produce evidence rebutting the

State's proof. We review whether a trial court made an improper comment during voir dire as a question of law, viewing the comment in the context of the entirety of voir dire. *In re Commitment of Wirtz*, 451 S.W.3d 462, 470 (Tex. App.—Houston [14th Dist.] 2014, no pet.). To preserve error based on a comment made during voir dire, a party must timely object and request a curative instruction, unless an instruction cannot render the comment harmless. *See id.*; *see also In re Commitment of Stuteville*, 463 S.W.3d 543, 557 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

Mr. Green objected to the allegedly improper comments when they were made, but he did not request a curative instruction to mitigate the impression he contends the comments gave the jury. He argues on appeal that no instruction could cure the prejudice resulting from the allegedly improper comments. We disagree. The trial court could have explained that, although Mr. Green had the option to call an expert, he had no obligation to do so, and the State retained the burden of proving his status as an SVP beyond a reasonable doubt.

But even if we assume without deciding that Mr. Green preserved the issue, we discern no error here. We have held that commenting on a respondent's failure to produce an expert witness does not improperly shift the burden of proof. *See In re Commitment of Johnson*, No. 05-17-01171-CV, 2019 WL 364475, at *8–9 (Tex. App.—Dallas Jan. 30, 2019, no pet.) (mem. op.). It follows that neither the State nor

the trial court improperly shifted the burden by suggesting during voir dire that Mr. Green could call an expert witness at the trial.

In any event, the trial court properly instructed the jury—during voir dire, before closing arguments, and in its charge—that the State had the burden of proof. Nothing in the record suggests the jury reached an incorrect verdict because it learned during voir dire that Mr. Green had the option of calling an expert witness funded by the State. Accordingly, even if improper, the comments would not warrant reversal. *See* TEX. R. APP. P. 44.1(a).

## THE TRIAL COURT DID NOT REVERSIBLY ERR BY DENYING MR. GREEN'S REQUEST TO INCLUDE A TEN-VOTE INSTRUCTION

Finally, Mr. Green contends the trial court erred by denying his request for an instruction that ten out of twelve jurors could vote to render a verdict in his favor, while a verdict against him would require unanimity. After the trial, the supreme court issued an opinion explaining that a respondent in a civil-commitment case is entitled to a ten-vote instruction upon request. *See In re Commitment of Jones*, 602 S.W.3d 908, 913 (Tex. 2020). The State appropriately acknowledges that the trial court erred by denying the requested instruction, but it argues the error was harmless. We agree.

In *Jones*, the supreme court explained that where, as here, the record shows the jury reached a unanimous verdict, the trial court's failure to provide a ten-vote instruction is harmless. *See id.* at 915.

We affirm the trial court's judgment.

200016f.p05

/Cory L. Carlyle/

CORY L. CARLYLE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE: CHRISTOPHER WAYNE GREEN

No. 05-20-00016-CV

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. CV-1970004-H.
Opinion delivered by Justice Carlyle. Justices Schenck and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of June, 2021.